**Opinion issued April 20, 2021.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00306-CR

————————————

**TYRIN JAMES BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 264th District Court[1]
Bell County, Texas
Trial Court Case No. 79806

---

[1]  Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Third District of Texas to this Court. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of that court and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

**MEMORANDUM OPINION**

Tyrin James Brown pleaded guilty without an agreed punishment recommendation to aggravated sexual assault of a disabled individual. *See* TEX. PENAL CODE § 22.021(a)(2)(C). The trial court sentenced him to 12 years' imprisonment. On appeal, Brown argues that the court assessed unlawful and unconstitutional court costs. The State concedes that the bill of costs is erroneous. We modify the judgment to delete all court costs and affirm the judgment as modified.

**Procedural Background**

On October 1, 2018, Brown sexually assaulted a disabled woman in the bathroom of a fast-food restaurant. He pleaded guilty to aggravated sexual assault of a disabled individual and was sentenced to 12 years' imprisonment. *See* TEX. PENAL CODE § 22.021(a)(2)(C). In pronouncing judgment, the court stated, "For the record, I'm going to find that you are indigent and continue to be indigent. I'm not making any allocation of costs." The judgment reflected that the court did not impose any fines, restitution, or court costs.

In August 2020, Brown's counsel, noticing that the record did not include a bill of costs, requested that the clerk's record be supplemented to include the document. The bill of costs added to the record assessed "Basic Court Costs" totaling

$317, including a local consolidated court cost, a sheriff reimbursement fee, a state consolidated court cost, and an administrative transaction reimbursement fee.

On appeal, Brown argues that he was erroneously and unconstitutionally assessed court costs. The State concedes that the bill of costs is erroneous and agrees that the trial court waived Brown's obligation to pay costs. The State requests that we modify the judgment and bill of costs to reflect that costs are waived entirely. We modify the judgment to delete court costs and affirm the judgment as modified.

## Analysis

The version of Article 43.091 of the Texas Code of Criminal Procedure effective at the time of the offense permits a trial court to "waive payment of all or part of a fine or costs imposed on a defendant" if the defendant is indigent. *See* former TEX. CODE CRIM. PROC. art. 43.091.[2] The record reflects that the trial court determined that Brown was indigent and declined to assess costs against him. Sometime after the judgment was entered, Brown was assessed costs when the bill of costs was added to the record. A bill of costs need not be orally pronounced nor incorporated by reference in the judgment to be effective. *Armstrong v. State*, 340

---

[2] *See* Act of May 23, 2001, 77th Leg., R.S., ch. 1111, § 2, 2001 Tex. Sess. Law Serv. Ch. 1111 (H.B. 2410); *amended by* Act of May 23, 2007, 80th Leg., R.S., ch. 1263, § 14, 2007 Tex. Sess. Law Serv. Ch. 1263 (H.B. 3060); *amended by* Act of May 26, 2017, 85th Leg., R.S., ch. 977, § 8, 2017 Tex. Sess. Law. Serv. Ch. 977 (H.B. 351); amended by Act of May 28, 2017, 85th Leg., R.S., ch. 1127, § 7, 2017 Tex. Sess. Law Serv. Ch. 1127 (S.B. 1913). Current version at TEX. CODE CRIM. PROC. art. 43.091 (amended 2019).

S.W.3d 759, 766 (Tex. Crim. App. 2011) (concluding that court costs and attorney's fees are compensatory in nature and therefore do not need to be orally pronounced or incorporated by reference into the judgment). Therefore, the State concedes that the bill of costs erroneously but effectively imposes court costs on Brown. Since the record reflects that the trial court waived costs based on Brown's indigency, the bill of costs is erroneous. We vacate the bill of costs and modify the judgment to include the following special order: "No costs assessed against Tyrin James Brown due to trial court's finding of indigency.".

## Conclusion

Modified as described above, the trial court's judgment is affirmed. All pending motions are dismissed as moot.

Peter Kelly
Justice

Panel consists of Justices Kelly, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

4